UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AARON GREENLEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-01-1335 |
| | § | |
| DEAN DARREN ALLRED, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Deputy Dean Darren Allred's ("Allred") Motion for Summary Judgment (Dkt. #36). After careful consideration of the additional briefing supplied by the parties, the entire record, and the applicable law, the Court is of the opinion that Allred's Motion for Summary Judgment should be GRANTED.

**Background**

In its Memorandum and Order entered March 31, 2004,[1] this Court denied Allred's Motion for Summary Judgment after determining that fact issues existed "regarding whether Allred had probable cause to believe that Greenlee possessed a controlled substance . . . ."[2] In particular, the Court concluded "that the violation of possession of a controlled substance [was] not sufficiently related to the traffic violations of driving with expired license plates and driving without a license within the meaning of the 'related offense doctrine.'"[3] As such, the Court denied Allred qualified

---

[1] Please refer to this Court's March 31, 2004 Memorandum and Order (Dkt. #45) for a detailed description of the facts and circumstances underlying this case.

[2] Dkt. #45, p. 18.

[3] *Id.* at p. 17.

immunity. Allred pursued an interlocutory appeal of that decision. On March 10, 2005, the United States Court of Appeals for the Fifth Circuit issued an opinion that vacated this Court's determinations regarding Defendant Allred's entitlement to qualified immunity.[4] The Fifth Circuit noted that the United States Supreme Court's recent decision in *Devenpeck v. Alford*, 125 S.Ct. 588, 593-95 (2004), had abrogated the Fifth Circuit's rule that the uncharged offense establishing probable cause be related to, and based upon the same conduct as, the offense identified by the arresting officer at the time of the arrest, *see Trejo v. Perez*, 693 F.2d 482, 485-86 (5th Cir. 1982), or given by the officer at booking, *see Gassner v. City of Garland*, 864 F.2d 394, 398 (5th Cir. 1989). Therefore, the Fifth Circuit remanded the case to this Court for consideration of the qualified immunity issue in light of the Supreme Court's decision in *Devenpeck*.

## Discussion

In *Devenpeck*, the Supreme Court specifically considered "whether an arrest is lawful under the Fourth Amendment when the criminal offense for which there is probable cause to arrest is not 'closely related' to the offense stated by the arresting officer at the time of arrest." *Devenpeck*, 125 S.Ct. at 591. In rejecting this requirement that the offenses be "closely related," the court stated that an arresting officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.* at 594. "Such a rule," the court added, "makes the lawfulness of an arrest turn upon the motivation of the arresting officer—eliminating, as validating probable cause, facts that played no part in the officer's expressed subjective reason for making the arrest, and offenses that are not 'closely related' to that subjective reason." *Id.* Rather, the court concluded that a person is lawfully arrested, irrespective of the offense actually charged, as long as the objective "facts known to the arresting officers give probable cause to arrest." *Id.*

---

[4]Dkt. #49.

The Supreme Court's decision in *Devenpeck* directly implicates the facts of this case. An objective view of the facts known to Allred at the time of the arrest plainly reveal the existence of probable cause for Plaintiff's arrest. Specifically, the uncontroverted evidence establishes that probable cause existed to arrest Plaintiff for driving with expired license plates and without a driver's license.[5] Although this Court previously determined that these offenses could not provide the necessary probable cause because they were not "closely related" to the charged offense—possession of a controlled substance, the Supreme Court's decision in *Devenpeck* requires a different conclusion. Without the requirement of "closely related" offenses, either Plaintiff's driving with expired license plates or Plaintiff's driving without a driver's license suffices to provide probable cause for Allred's actions. As such, Allred is entitled to qualified immunity and summary judgment is appropriate.

## Conclusion

For the foregoing reasons, Allred's Motion for Summary Judgment is GRANTED. The Court will issue a final judgment on even date herewith.

Signed this 16th day of June, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[5]*See* TEX. TRANSP. CODE § 543.004 (a police officer may arrest a suspect for traffic violations other than speeding).